USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/05

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

TBC Consoles, Inc., )
)
)  05 Civ. 2756 (KMW)
      Plaintiff, )
)
v. )  SCHEDULING ORDER
)
Forecast Consoles, Inc. )
)
      Defendants )

---

**APPEARANCES:**

Plaintiff by Keith D. Nowak    Defendant by Bruce D. Katz

    Presiding

KIMBA M. WOOD, U.S.D.J.:

    Pursuant to Fed.R.Civ.P. 16(b), after holding an initial pre-trial conference, it is hereby ordered that:

**Pleadings and Parties:** Except for good cause shown --

    1. No additional parties may be joined after August 1, 2005.

    2. No additional causes of action or defenses may be asserted after August 1, 2005.

**Discovery.** Except for good cause shown, all discovery shall be commenced in time to be completed by December 1, 2005. The Court expects discovery to be completed within 90 days of the first scheduling conference. In the event that the parties believe that additional time is needed, the parties shall request an extension from the Court, by joint letter, and shall accompany that request with a proposed Amended Scheduling

Order, with the extension not to exceed 60 days.  Any further extensions will be given only after a showing of good cause that additional time is needed.

**Motions.**  Except for good cause shown, no motions shall be filed or heard after January 1, 2006.  The parties may satisfy this deadline through the submission of a letter to the Court requesting a pre-motion conference.

**Pre-trial Order.**  A joint pre-trial order shall be submitted by February 1, 2006.  The pre-trial order shall conform to the Court's instructions, a copy of which may be obtained from the Deputy Clerk.  It shall be accompanied by Memoranda of Law, and, in a case to be tried to a jury, Proposed <u>Voir Dire</u> and Requests to Charge.

**Trial.**  The parties shall be ready for trial on or after March 1, 2006.  Estimated trial time is 1 (one) week.  Jury __Y__.  Non-Jury _____.

**Final Pretrial Conference.**  The Court will schedule a final pretrial conference in jury cases after the parties have filed their pre-trial order.  Non-jury cases will be referred to the Magistrate Judge for settlement after the pre-trial order has been signed.

**Mediation.**  Counsel for the parties have discussed the merits of mediation in regard to this action and wish to employ the free mediation services provided by this Court. Yes _____  No __N__.

**Other Directions:**

　　　　A pending dispositive motion cancels any previously scheduled status conference and adjourns the dates set out in this Scheduling Order as to all parties making or opposing the motion. In the event a dispositive motion is made after the completion of discovery, the dates for submitting the Memoranda of Law, Requests to Charge, Proposed <u>Voir Dire</u>, Pre-trial Order and start of trial shall be changed from that

shown above to three (3) weeks from the decision on the motion. The final pre-trial conference, if any, will be scheduled by the Courtroom Deputy.

At any time after the Ready Trial Date, the Court may call the parties to trial upon forty-eight hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent a trial at a particular time. Such notice must come before counsel are notified by the Court of an actual trial date, not after. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

The parties also have the option of trying this action before the Magistrate Judge assigned to this case. See 28 U.S.C. § 636(c). Such a trial would be identical to a proceeding before this Court in all respects, and the judgment would be directly appealable to the Second Circuit Court of Appeals. Given the nature of this Court's criminal docket, it is more likely that electing to proceed before the Magistrate Judge would result in the parties receiving a firm trial date.

All communications to the Court and all filed papers must identify the name and docket number of the case, followed by the initials of the Judge (KMW), contain the writer's typewritten name, party's name, law firm (if any), business address and telephone number, and be signed by the individual attorney responsible for the matter (unless the party is proceeding pro se). Any letter to the Court must state the manner in which the letter was served on all other counsel.

If either party wishes to change the dates set forth in this Scheduling Order, it must submit a written request to the Court that complies with Section 1.E. of Judge Wood's Individual Practices.

3

SO ORDERED.

DATED: New York, New York

_____, 2005

| | |
|---|---|
| Keith D. Nowak (KN 0230)<br>Dickstein Shapiro Morin & Oshinsky LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 835-1400<br>Attorneys for Plaintiff<br><br>By: _____ | Bruce D. Katz<br>Bruce D. Katz & Associates<br>225A Broadway 37th Floor<br>New York, NY 10007<br>(212) 233-3434<br>Attorney for Defendants<br><br>By: _____  6-28-05 |

_____
Kimba M. Wood
United States District Judge

Copies of this Order have been mailed to Counsel for the parties.