# CARTER LEDYARD & MILBURN LLP
### Counselors at Law



Keith J. Nowak
Partner
Direct Dial 212-238-8610
E-mail: nowak@clm.com

2 Wall Street
New York, NY 10005-2072
•
Tel (212) 732-3200
Fax (212) 732-3232

701 8th Street, N.W., Suite 410
Washington, DC 20001-3893
(202) 898-1515
•
570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

November 21, 2007

**MEMO ENDORSED**

**VIA FACSIMILE: (212) 805-7900**
Hon. Kimba M. Wood
United States Courthouse
40 Centre Street, Room 1610
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/07

Re:   TBC Consoles, Inc. v. Forecast Consoles, Inc.
      Civil Action No. 05-CV-2756 (KMW) (APJ)

Dear Judge Wood:

Counsel for the parties submit this letter jointly as required by Your Honor's Orders of December 19, 2005 and November 1, 2007. This letter is being sent without a prior written request for extension beyond the November 9, 2007 deadline set by Your Honor's November 1 Order based on instructions received from your chambers by defense counsel on November 9.

By Order dated December 19, 2005, the above-captioned declaratory judgment action was stayed pending the outcome of reexamination proceedings concerning the patents-in-suit.

Two reexamination proceedings were then pending:

1) A request for *ex parte* reexamination filed by Defendant, Forecast (the patent owner) on April 21, 2005 and

2) A request for *inter partes* reexamination filed by Plaintiff, TBC, on August 22, 2005.

In an *ex parte* reexamination proceeding filed by a patent owner only the patent owner has the right to present arguments to the Patent Office on patentability. In an *inter partes* reexamination proceeding both parties have the right to present arguments to the Patent Office on patentability.

The request by Forecast for *ex parte* reexamination was granted on July 6, 2005 as the Patent Office found that the request raised a substantial new question of patentability.

TBC's request for *inter partes* reexamination was denied on November 16, 2005 and TBC petitioned the Patent Office to reconsider its request. TBC's petition was denied on June 27, 2007. However in denying TBC's petition the Patent Office stated:

6251109.1

Hon. Kimba M. Wood -2-
November 21, 2007
Page 2

"In the event that the third party requestor (TBC) desires to initiate an *inter partes* reexamination of the '712 patent, requestor may wish to consider filing a new and complete request for *inter partes* reexamination, (which new request includes the missing information identified above). This decision is without prejudice to the right of the requestor to file a new request for *inter partes* reexamination to address the issues noted."

In response TBC filed a new request for *inter partes* reexamination on September 21, 2007, which is still pending.

On September 24, 2007, the Patent Office issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate in Forecast's *ex parte* reexamination, which when issued will confirm the validity of the patent claims. The Patent Office has not yet issued the Reexamination Certificate.

The parties disagree as to whether the stay of December 19, 2005 should remain in force:

It is TBC's position that the Patent Office has not yet issued a Reexamination Certificate as the Patent Office is considering TBC's new request for *inter partes* reexamination, and therefore, the current stay should remain until a Reexamination Certificate is issued.

It is Forecast's position that since its *ex parte* reexamination is complete, except for issuance of the Reexamination Certificate, the stay should be lifted. The Patent Office required nearly two and one-half years to reach a conclusion in the *ex parte* reexamination proceeding commenced by Forecast. Forecast believes that a continuation of the stay pending a decision on TBC's newly-filed (September 21, 2007) second request for *inter partes* reexamination could extend indefinitely. The Patent Office is under no obligation to issue a speedy decision in any reexamination proceeding, as evidence by the lapse of nearly two and one-half years before conclusion of the *ex parte* reexamination proceeding.

On April 18, 2007, defendant filed a second patent infringement lawsuit against plaintiff. The second lawsuit was assigned civil action no. 1:07-cv-03106(KMW)(KNF). The second lawsuit alleges infringement by plaintiff herein of a patent related to the patent-in-suit in the above-captioned action (and three non-related patents). Forecast believes that consolidation of the two lawsuits would be appropriate. TBC believes that consolidation would be appropriate when and if a Reexamination Certificate is issued by the Patent Office.

Very truly yours,

Keith D. Nowak

KDN:clc
cc:   Bruce D. Katz

6251109.1

*Handwritten order:*
The stay on proceedings shall remain in place. Either party may move to lift the stay upon receipt of the Reexamination Certificate or the Patent Office's decision on Plaintiff's September 21, 2007 reexamination application.

SO ORDERED, N.Y., N.Y.

KIMBA M. WOOD
U.S.D.J.

12-18-2007