```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
TBC CONSOLES, INC.,                    |
                                       |
                Plaintiff,             |
                                       |
    -against-                          |   05 Civ. 2756 (KMW) (AJP)
                                       |
                                       |
FORECAST CONSOLES, INC.,               |
                                       |
                Defendant.             |
---------------------------------------x
FORECAST CONSOLES, INC.,               |
                                       |
                Plaintiff,             |
                                       |
    -against-                          |   07 Civ. 3106 (KMW) (KNF)
                                       |
                                       |   OPINION AND ORDER
TBC CONSOLES, INC., et al.,            |
                                       |
                Defendants.            |
---------------------------------------x
```
KIMBA M. WOOD, U.S.D.J.:

The parties in the above-captioned actions have jointly moved by letter to (1) consolidate these actions (05 Civ. 2756 D.E. 15, 17), and (2) bifurcate the trial of liability and damages in the consolidated actions (07 Civ. 3106 D.E. 29).  For the reasons stated below, the Court GRANTS the request to consolidate and DENIES the request to bifurcate the trial.  The Court orders the parties to submit a revised joint scheduling order as described below.

**I.  Consolidation**

Federal Rule of Civil Procedure ("Rule") 42(a) permits a court to consolidate actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Consolidation is "a

1

valuable and important tool of judicial administration" that should be "invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin v. Transp. Communc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations and quotations omitted). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). In exercising its discretion, a court should "consider both equity and judicial economy," Devlin, 175 F.3d at 130, although "efficiency cannot be permitted to prevail at the expense of justice." Consorti v. Armstrong World Ind., 72 F.3d 1003, 1006 (2d Cir. 1995), vacated sub nom on other grounds, Consorti v. Owens-Corning Fiberglas Corp., 518 U.S. 1031 (1996); see also Johnson, 899 F.2d at 1285.

The Court finds that consolidation of the above-captioned actions is appropriate. The two actions involve related patents, overlapping legal claims, and common facts. One of the allegedly infringed patents in Forecast Consoles, Inc. v. TBC Consoles, Inc., et al., 07 Civ. 3106 ("Forecast Consoles") is related to the patent in dispute in TBC Consoles, Inc. v. Forecast Consoles, Inc., 05 Civ. 2756 ("TBC Consoles"). (Forecast Consoles Compl. ¶ 33.) Furthermore, all of the remaining patents and trademarks at issue in Forecast Consoles involve products that share features with the products covered by the patent at issue in TBC Consoles. (TBC Consoles Compl. ¶ 9 & Ex. C; Forecast Consoles Compl. ¶¶ 19, 22, 25.)

Consolidation of these factually and legally overlapping actions will advance judicial economy and minimize cost to the parties by avoiding duplicative trials. See Johnson, 899 F.2d at 1285 (considering multiple lawsuits' burden on judicial resources and expense to parties as factors courts should weigh in favor of consolidation). That the two actions do not involve identical claims, patents, or parties does not preclude consolidation. See In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (collecting cases) (consolidating actions that asserted claims under the same statute and stemmed from the same dispute despite the fact that one action involved additional defendants and "contain[ed] slightly different facts and legal issues"); A.V. Versace, Inc. v. Versace, No. 96 Civ. 9721, 1998 WL 832692, at *3 n.1 (S.D.N.Y. Dec. 1, 1998) (finding consolidation appropriate despite some differences in actions where there were many common questions of law and fact).

Because the parties jointly request consolidation and the Court finds no prejudice to either party, Trace Consoles and Forecast Consoles are hereby consolidated (the "consolidated actions").

**II. Bifurcation**

    **A.    The Rule 42(b) Legal Standard**

Rule 42(b) empowers a court to bifurcate the trial of liability and damages where doing so "will further convenience, avoid prejudice, or promote efficiency." Amato v. Saratoga

Springs, 170 F.3d 311, 316 (2d Cir. 1999). Generally, these Rule 42(b) values are advanced if (1) "the evidence offered on two different issues will be wholly distinct," (the "first Vichare factor") or (2) "litigation of one issue may obviate the need to try another issue" (the "second Vichare factor"; collectively, the "Vichare factors"). P.K. Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir. 1996). On its face, the second Vichare factor always weighs in favor of bifurcating liability and damages: a finding of no liability will always obviate the need to try damages. But "separation of issues for trial is not to be routinely ordered." Fed. R. Civ. P. 42 advisory committee's notes. Instead, the second Vichare factor should be read in light of Rule 42(b)'s goals: bifurcation may be appropriate where the efficiency and convenience to be gained by avoiding trial of damages outweigh the inefficiency, inconvenience, and prejudice that would result if litigating liability does not obviate the need to try damages. See Kos Pharm., Inc. v. Barr Laboratories, Inc., 218 F.R.D. 387, 390-91 (S.D.N.Y. 2003) (noting that in most cases bifurcation works against Rule 42(b) values by adding discovery, pretrial disputes, and motions; requiring empanelment of a second jury or extending a single jury's duty; and repeating some witnesses' depositions and testimony).

In patent litigation, "bifurcation is not uncommon." Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc., 982 F. Supp. 923, 924 (W.D.N.Y. 1997) (collecting cases). Nonetheless, even in patent

4

cases, "the circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases." Kos, 218 F.R.D. at 391 (denying bifurcation in patent case with only two parties, a single product, and no request for damages). The Vichare factors "do[] not lend [themselves] to uniform practice"; instead, courts analyze bifurcation of patent litigation using a "case-by-case approach." Kos, 218 F.R.D. at 391.

    **B.    The First Vichare Factor**

Two considerations influence whether the evidence presented during the liability and damages phases of a patent trial will be sufficiently distinct to justify bifurcation. (1) Where patent infringement claims are combined with unfair competition and state common law claims, the facts required to establish liability and damages may overlap significantly. See HCC, Inc. v. R H & M, Mach. Co., No. 96 Civ. 4920, 1998 WL 849417, at *2 (S.D.N.Y. Dec. 4, 1998) (finding bifurcation of liability and damages inefficient in patent action where liability phase of non-infringement claims and damages phase of infringement claims would require duplicative testimony and evidence). (2) Even where an action involves only patent infringement claims, whether willfulness of the alleged infringement is tried during the liability or the damages phase affects how courts analyze whether the evidence required in each phase is distinct or overlapping. See Kos, 218 F.R.D. at 391-92 (collecting decisions demonstrating

5

that courts divide over whether evidence of willfulness in patent infringement cases does or does not overlap with evidence of liability).

The parties offer only a conclusory statement that the evidence required at the liability and damages phases will be "entirely different." (See 07 Civ. 3106 Jt. Letter, May 29, 2008 ("Jt. Letter") (D.E. 29).) They have not indicated (1) why bifurcation is appropriate given the accompanying state and federal unfair competition, trademark infringement, and trademark dilution claims, or (2) (a) whether they propose presenting evidence of willfulness during the liability or damages phase, and (b) why, if willfulness evidence is presented in the phase they propose, the two phases will actually involve "entirely different" evidence. (See id.) Without the foregoing information, the Court is unconvinced that the evidence in the liability and damages phases will be "wholly distinct." Vichare, 106 F.3d at 466.

### C. The Second Vichare Factor

Should trial of liability in a bifurcated action not obviate trial of damages, the Court, jurors, and litigants may face substantial extra burdens. See Kos 218 F.R.D. at 390-91. When choosing to bifurcate liability and damages, courts must determine whether to hold two separate trials with two separate juries or merely to separate a single trial before a single jury into two distinct phases. Compare Intellectual Prop. Dev. Corp.

<u>v. UA Columbia Cablevision of Westchester, Inc.</u>, No. 94 Civ. 6296, 1995 WL 81276, at *2 (S.D.N.Y. Feb. 28, 1995) (ordering separate trials and juries for the liability and damages phases of a patent action) <u>with</u> <u>Hunter Douglas, Inc. v. Comfortex Corp.</u>, 44 F. Supp. 2d 145, 155 (N.D.N.Y. 1999) (separating liability and damages of a patent action into separate phases of a single trial).  If the Court holds a single trial before a single jury, all discovery must be completed pre-trial.  Accordingly, regardless of whether liability is ultimately found, the parties will have to conduct what can be costly discovery on the issue of damages.  This would limit the potential efficiency of bifurcation for them.  But the Court will have to oversee a second round of discovery, resolve any resulting disputes, and empanel a second jury if it holds two separate trials, which would increase the potential <u>in</u>efficiency of bifurcation for the Court.

It is unclear whether the parties in the consolidated actions seek separate trials in front of separate juries or separate phases before a single jury.[1]  (<u>See</u> Jt. Letter.)  Without more information, the Court cannot assess whether the economy to be gained by a finding of no liability outweighs the duplicative judicial, juror, and litigant resources a separate

---

[1] The Court anticipates a joint request for separate trials before separate juries based on the parties' statement that they seek bifurcation in part to avoid costly damages discovery.  (<u>See</u> Jt. Letter.)

7

damages trial would incur.

### D. Conclusion

The Court declines to bifurcate liability and damages in the consolidated actions at this time. In light of the above analysis, no later than August 29, 2008, the parties may submit any additional information in support of a Rule 42(b) bifurcation of the consolidated actions.

### III. Scheduling Order

No later than September 9, 2008 the parties shall submit a joint revised scheduling order that sets deadlines for (1) completing any remaining discovery, and 2) filing any pre-trial motions in the consolidated actions.[2]

SO ORDERED.

Dated: New York, New York
       August 21, 2008

/s/ Kimba M. Wood
Kimba M. Wood
United States District Judge

---

[2] The parties have filed Local Rule 56.1 Statements, Responses, and a Reply ("56.1 filings") in Forecast Consoles. (D.E. 19-23.) Because the Court is putting the consolidated actions on a unified pre-trial motion schedule it will not consider the 56.1 filings at this time. The parties may submit consolidated 56.1 filings at the time designated in their revised scheduling order.